IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COUNTY OF COOK<br><br>    Plaintiff,<br><br>v.<br><br>HSBC NORTH AMERICA HOLDINGS INC., ET AL.,<br>    Defendants. | Case No.:    1:14-cv-2031<br>District Judge John Z. Lee<br>Magistrate Judge Sheila M. Finnegan |

**PLAINTIFF'S OBJECTION TO DEFENDANTS'
MOTION FOR EXTENSION OF TIME**

Plaintiff objects to Defendants' motion for an extension of time and requests this Honorable Court to deny the motion. In the alternative, Plaintiff requests this Court limit any extension of time for Defendants to answer or otherwise respond to the complaint by May 16, 2014. In support of its objection Plaintiff states the following:

**FACTUAL BACKGROUND**

1. Plaintiff filed its original complaint in this action on March 21, 2014 against the Defendants, alleging a claim under the Fair Housing Act ("FHA"), 42 U.S.C. §3601et seq., for their continuing discriminatory housing practices, including reverse redlining and an equity stripping scheme involving predatory and discriminatory mortgage lending and loan servicing practices.

2. On March 31, 2014, Plaintiff filed a corrected complaint that changed only the signature blocks. *Compare* Complaint [Docket No. 1] *with* "Amended" Complaint [Docket No. 12].

3. Plaintiff served the various HSBC Defendants on April 4, April 7, and April 11, 2014. Under Federal Rule of Civil Procedure 12(a)(1)A(i), Defendants' deadlines to answer the complaint are, respectively, April 25, April 28, and May 2, 2014.

4. On March 31, 2014, Plaintiff filed an entirely different lawsuit against different defendants unrelated to HSBC. *See County of Cook v. Bank of America Corp. et al.*, No.1:14-cv-02280 (N.D. Ill.) (the "Bank of America lawsuit"). Like the complaint against HSBC, the Bank of America lawsuit alleges that those defendants violated the FHA for their own continuing discriminatory housing practices that involved predatory and discriminatory mortgage lending and loan servicing, reverse redlining and equity stripping. However, the factual allegations supporting the discriminatory housing practices alleged in the Bank of America litigation are very different from those alleged in the HSBC complaint.

## STANDARD

5. When an act must be done within a specified time, the Court may, for good cause, extend the time: with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires. Fed. R. Civ. P. (6)(b)1. In other words, if good cause for the delay is shown, the court *may* extend the time. *United States v. McLaughlin,* 470 F.3d 698, 700 (7th Cir. 2006). This is a matter within the Court's discretion.

## ARGUMENT

6. Here, the Defendants failed to provide "good cause" in their motion to extend time and Plaintiff would be prejudiced if Defendants' motion was granted in its entirety.

7. First, HSBC argues that the complaint is "lengthy and complex." HSBC Memorandum in Support of Motion to Dismiss ("HSBC Memorandum") [Docket No. 22] at 3. However, the complaint is **virtually identical** to another complaint previously brought against

2

HSBC in the Northern District of Georgia less than 17 months ago by several Atlanta area county governments. In that case, *DeKalb County, et al v. HSBC North America Holdings Inc., et al*, No. 1:12-cv-03640-SCJ (the "Atlanta HSBC litigation"), the HSBC Defendants already fully briefed the very same issues that they are most likely to brief in their motion to dismiss here: (1) standing; (2) causation; and (3) statute of limitations. Indeed, the HSBC Defendants here are represented by *the very same law firm and lawyers* that argued and lost HSBC's motion to dismiss in the Atlanta HSBC litigation. Thus, there are no legal issues in this case that HSBC did not already brief in the Atlanta case, and Plaintiffs do not need 62 days from service of the first complaint on them to figure out the theory of the case or the legal issues in their upcoming motion to dismiss.

8. Second, HSBC argues that good cause exists for its requested total of 62 days in order to "harmonize the deadlines among the various Defendants (in this case) for filing responsive pleadings and subsequent filings." HSBC Memorandum at 3. Plaintiff agrees that it is appropriate to harmonize the filings among the HSBC Defendants *in this case*, but that does not provide good cause for an *additional 32 days* to respond to the complaint. At best, harmonizing the timing of the HSBC Defendants' briefing into a single consolidated motion to dismiss would provide good cause for an additional 7 days to respond, given the 7-day difference in the various service dates of April 25 through May 2. Plaintiff would consent to that extension of time.

9. Third, as a basis for good cause Defendants also assert "judicial economy and efficiency to align the[] schedules" of this case with the Bank of America litigation. HSBC Memorandum at 4. HSBC relies on an analogy *to reassigning and consolidating* cases as "related" under Local Rule 40.4 and certain case law it cited, neither of which apply to this

3

situation. Defendants did not file a motion to consolidate pursuant to Fed. R. Civ. P. 42(a), nor would Plaintiff consent to one.

10. Even if the concept of reassignment and consolidation was relevant, Defendants cannot demonstrate that they meet two of the required factors that courts consider –(1) whether there will be a "substantial savings of judicial time and effort" and (2) the cases "must be susceptible to disposition in a single proceeding." *Global Patent Holding v. Green Bay Packers Inc. et al.*, 1:14-cv-02031 at 7 (N.D. Ill 2008). Defendants cannot demonstrate these factors because of the complexity and great differences in the factual allegations between this case and the Bank of America litigation.

11. Moreover, rather than serving the interests of judicial efficiency, aligning the cases for briefing purposes will effectively double this Court's work flow over the exact same period of time. In addition, the complexity of the factual issues in the two cases may create confusion in addressing the legal issues among the two sets of defendants' motions to dismiss. Indeed, even if HSBC Defendants could demonstrate that an extension time would promote judicial efficiency and consolidation was appropriate, the Court "must still weigh judicial convenience against delay, confusion and prejudice that consolidation might cause." *Servants of Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M.1994).

12. Lastly, Defendants claim that "[n]o party will be prejudiced by granting this Motion, and the Motion is not being brought for the purpose of delay." HSBC Memorandum at 4. But contrary to that representation, delay and prejudice appear to be the explicit purpose of the HSBC Defendants' motion. By seeking to align their arguments in their motion to dismiss briefing with the defendants in the Bank of America case, the HSBC Defendants are attempting to improperly consolidate the cases and burden Plaintiff with simultaneous responses in two

separate, factually complex matters. Also, Plaintiff would be prejudiced because a 32-day extension circumvents the manner in which Plaintiff chose to file suit against these distinct groups of defendants and does so without a proper motion to consolidate. If Plaintiff wanted to join the cases, and align all the briefing, Plaintiff would have filed a single case against both sets of defendants (i.e., the HSBC Defendants and the Bank of America Defendants) in one action. Obviously, Plaintiff did not do that, nor would it be feasible given the distinct factual allegations between the two cases.

## PRAYER FOR RELIEF

13. Plaintiff respectfully submits that the HSBC Defendants' motion should be denied as they have failed to show good cause. However, as Plaintiff previously offered to permit the HSBC Defendants some additional time to answer or otherwise respond to the complaint, Plaintiff will consent to extend that date to May 16, 2014.

14. A deadline of May 16, 2014 would provide the HSBC Defendants a full six weeks to respond to the complaint from the date the first HSBC Defendants were served. This would provide the HSBC Defendants with a reasonable extension of time that would not unduly prejudice Plaintiff.

       /s/ James D. Montgomery Sr.
One of the Attorneys for Plaintiff

Lead Counsel: James M. Evangelista

HARRIS PENN LOWRY LLP LTD.
400 Colony Square, Suite 900
1201 Peachtree Street, NE Atlanta, GA  30361
Phone: (404)961-7650
Fax: (404)961-7651

JAMES D. MONTGOMERY & ASSOCIATES LTD.
One North LaSalle Suite 2450
Chicago, IL 60602
Phone: (312)977-0200
Fax: (312)977-0209