**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| COUNTY OF COOK, | ) | Case No. 14-cv-2031 |
| | ) | Judge John Z. Lee |
| Plaintiff, | ) | Magistrate Judge Sheila M. Finnegan |
| | ) | |
| v. | ) | |
| | ) | |
| HSBC NORTH AMERICA HOLDINGS, | ) | |
| INC., HSBC FINANCE CORPORATION, | ) | Related Case No. 14-cv-2280 |
| HSBC MORTGAGE CORPORATION | ) | Judge Elaine E. Bucklo |
| (USA), HSBC MORTGAGE SERVICES, | ) | |
| INC., HSBC USA INC., HSBC BANK USA, | ) | |
| N.A., BENEFICIAL COMPANY LLC, | ) | |
| DECISION ONE MORTGAGE COMPANY, | ) | |
| LLC, HFC COMPANY LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO REASSIGN A RELATED CASE

This is a motion to have Case No. 14-cv-2280 designated as a related case to the above-captioned action, Case No. 14-cv-2031. Defendants in Case No. 14-cv-2280, Bank of America Corporation, Bank of America, N.A., Countrywide Financial Corporation, Countrywide Home Loans, Inc., Countrywide Bank, FSB, Countrywide Warehouse Lending, LLC, BAC Home Loans Servicing, LP, Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Capital, Inc., and Merrill Lynch Mortgage Lending, Inc. (the "Bank of America Defendants" and the "Bank of America Action"), by and through their attorneys, hereby move pursuant to Local Rule 40.4 for an order finding that the Bank of America Action is related to County of Cook's earlier-filed action against various HSBC entities, Case No. 14-cv-2031, and that the higher numbered Bank of America Action should be assigned to this Court. In both actions County of Cook asserts a single count claim under the Fair Housing Act that seeks recovery based on an identical legal

theory and similar factual allegations. In support of this Motion, the Bank of America Defendants state as follows:

**Background**

1.      On March 21, 2014, Plaintiff County of Cook (the "County") filed a complaint in the instant action against HSBC North America Holdings, Inc., HSBC Finance Corporation, HSBC Mortgage Corporation (USA), HSBC Mortgage Services, Inc., HSBC USA Inc., HSBC Bank USA, N.A., Beneficial Company LLC, Decision One Mortgage Company, LLC, HFC Company LLC (the "HSBC Defendants"). The case was given case number 14-cv-2031 and assigned to this Court, the Honorable John Z. Lee presiding, along with the Honorable Sheila M. Finnegan as the magistrate judge (the "HSBC Action"). On March 31, 2014, the County filed an Amended Complaint, a copy of which is attached as Exhibit A. In the Amended Complaint, the County alleges the HSBC Defendants violated the Fair Housing Act ("FHA") by engaging in a pattern and practice of discriminatory lending (reverse-redlining), which caused minority borrowers to experience a higher rate of default and foreclosures, which in turn allegedly caused the County injury, including through decreased tax revenue on foreclosed properties and surrounding properties, increased out-of-pocket government service costs, and other damages. *See e.g*. Ex. A ¶¶ 282-285.

2.      On March 31, 2014, the County also filed a complaint against the Bank of America Defendants. On the Civil Cover Sheet, attached as Exhibit B, the County indicated that the Bank of America Action was related to the HSBC Action. The Bank of America Action was given case number 14-cv-2280 and initially assigned to this Court, the Honorable John Z. Lee presiding, along with the Honorable Sheila M. Finnegan as the magistrate judge. On April 9, 2014, the County filed a Corrected Complaint, a copy of which is attached as Exhibit C. As in

the HSBC Action, the County alleges the Bank of America Defendants violated the FHA by engaging in reverse-redlining, thereby causing the County to suffer a loss of property tax revenue on foreclosed properties and surrounding properties, out-of-pocket government service costs, and other damages. *See e.g.* Ex. C ¶¶ 407-408. The complaints against the Bank of America Defendants and the HSBC Defendants share many of the same allegations (often repeated word for word in the Bank of America Action). *Compare e.g.*, Ex. A ¶¶ 282-325, *with* Ex. C ¶¶ 402-47; Ex. A ¶¶ 244-71, *with* Ex. C ¶¶ 80-83, 326-29, 368-84.

3.      On April 30, 2014, Chief Judge Rubén Castillo for the Executive Committee entered an Order in the Bank of America Action, indicating that the case had been assigned to this Court due to clerical error. The Order reassigned the Bank of America Action to the Honorable Elaine E. Bucklo.

### The Bank of America Action and HSBC Action Are Related

4.      The Bank of America Defendants and the HSBC Defendants agree that the two actions are related and meet the requirements of Local Rule 40.4(a). *Infra* ¶¶ 14-15. In filing the Bank of America Action, the County also noted on its civil cover sheet that the two actions are related. Accordingly, the Bank of America Action, as the higher-numbered case, should be reassigned to this Court.

5.      Pursuant to Local Rule 40.4(a), two or more civil cases may be related if one or more conditions are satisfied: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same."

6.      Here, the actions are related because the cases "involve some of the same issues of fact or law." L.R. 40.4(a).  Indeed, the legal issues are largely identical—both actions assert a single-count claim under the FHA based on the defendants' alleged practices of issuing predatory loans to minority borrowers on terms less favorable than similar loans made to Caucasian borrowers (reverse-redlining). *Compare* Ex. A ¶¶ 312-25, *with* Ex. C ¶¶ 435-47 (alleging nearly-verbatim causes of action under the FHA).  As a result of these alleged practices, the County asserts in both actions that it suffered injury in the form of out-of pocket costs in providing governmental services, reduced property values on foreclosed properties and surrounding properties, lost property tax revenue, lost recording fees, and other injuries. *Compare* Ex. A ¶ 285, *with* Ex. C ¶ 408 (alleging identical injury).  Because the actions present identical legal theories based on similar factual allegations, they will require the resolution of many of the same legal issues, including, without limitation:

    a.   Whether the County has constitutional standing to bring its claims.

    b.   Whether the County's claims were filed within the FHA's statute of limitations period.

    c.   Whether the County was on actual or constructive notice of its claims prior to the expiration of the statute of limitations period.

    d.   Whether the County has plead cognizable theories of recovery under the FHA, including whether the FHA allows for a cause of action under the disparate impact theory.

    e.   Whether the County has a cognizable claim for recoupment of property transfer recorder fees under Seventh Circuit precedent.

7.      Indeed, before the reassignment of the Bank of America Action, this Court recognized that the two cases will involve "at least some of the [same] legal issues that will be raised by motion to dismiss," and set the cases for parallel briefing schedules on the anticipated motions to dismiss.  Transcript of Hearing at 5, HSBC Action (Apr. 24, 2014) (attached as Ex. D).  These common issues of law are enough to find the cases are related.  *See Pena v. Freedom Mortgage Team, Inc.*, 2007 WL 3223394, at *7 (N.D. Ill. Oct. 24, 2007) (holding that FHA suits were related because the plaintiff in both cases alleged that defendants were "giving minority borrowers loans with unreasonably high interest rates so [they] could collect YSPs from the lenders."); *Murry v. Am.'s Mortgage Banc, Inc.*, 2004 WL 407010, at *2 (N.D. Ill. Mar. 1, 2004) ("[T]he rule does not require complete identity of issues [of law and fact] in order for cases to be considered related.").

8.      The cases also involve substantially overlapping factual issues.  Both actions include allegations concerning the defendants' discretionary pricing policies, the charging of yield spread premiums, the securitization process, the mortgage lending industry and collapse, and the Mortgage Electronic Registration System.  Indeed, the County's allegations regarding defendants' discriminatory servicing practices are nearly identical in the complaints.  *Compare* Ex. A ¶¶ 259-71, *with* Ex. C ¶¶ 368-84.  Similarly, the two complaints cite to the exact same reports and studies in support of the County's FHA claim.  *Compare* Ex. A ¶ 232-34, 244, *with* Ex. B ¶ 46, 48-50, 57.  Finally, the injuries alleged by the County also will involve overlapping factual issues, including the County's alleged loss of tax revenue, its increase in out-of-pocket costs, and the alleged decline in property value to foreclosed properties and surrounding

properties. The substantial overlap in factual issues between the Bank of America Action and the HSBC Action also warrants a finding that the actions are related.[1]

9. Accordingly, the Bank of America Action and the HSBC Action are "related" cases within the meaning of L.R. 40.4(a).

**The Conditions for Reassignment are Satisfied Here.**

10. Local Rule 40.4(b) provides that a case may be reassigned to the calendar of another judge if it is found to be related and if the following four criteria are satisfied: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding."

11. These requirements are satisfied here. Criterion one is met because both cases were filed in the United States District Court for the Northern District of Illinois (Eastern Division). Criterion two is met because the cases involve common issues of law and fact (*see supra* ¶¶ 4-8), and thus substantial savings of judicial time and effort will be achieved if the cases are handled by the same judge. Indeed, when this Court was assigned both actions, it determined that the most efficient way to manage the two actions would be to align briefing

---

[1] The Bank of America Defendants also note that a finding of relatedness may be independently proper because the actions involve the same property or at least similar property interests. L.R. 40.4(a). Both actions allege that defendants' predatory lending practices caused the County to lose "property tax revenue … on foreclosed properties and surrounding properties." Ex. A ¶ 285; Ex. C ¶ 408. Specifically, the County alleges that each foreclosure reduces the property value of up to 13 surrounding properties. Ex. A ¶ 289; Ex. C ¶ 412. The County further alleges that the Bank of America and HSBC Defendants issued thousands of discriminatory loans each, and that those originations were concentrated in high foreclosure risk areas. Ex. A ¶ 249; Ex. C ¶ 326. If there were thousands of loans and foreclosures concentrated in certain regions within Cook County, and each one affected 13 other properties, then there will be inevitable overlap among the surrounding properties that allegedly experienced a diminution-in-value due to defendants' alleged conduct.

schedules on the motions to dismiss. *See* Transcript of Hearing at 15, HSBC Action (Apr. 24, 2014). Criterion three is also satisfied because the cases are of identical procedural postures with responsive pleadings due in both actions on June 3, 2014. Finally, criterion four is met because, considering the substantial overlap in legal and factual issues, the actions are susceptible to disposition as related cases, at least at the motion to dismiss stage.

12. This Motion meets the requirements of Local Rule 40.4(c) by setting forth the points of commonality in sufficient detail, addressing the four criteria of Local Rule 40.4(b), and being filed before the judge before whom the lowest-numbered case is pending.

13. While Local Rule 40.4(c) indicates that this type of motion "should not generally be filed" until answers or responsive motions are filed in each of the proceedings, the rationale for the rule – to allow "all parties to a proceeding to be permitted to respond the questions of relatedness and possible reassignment" – is not at issue here. L.R. 40.4(c) (emphasis added). On the contrary, the Bank of America Defendants and the HSBC Defendants agree that the actions are related, and the County has also indicated this to be true in its civil cover sheet for the Bank of America action. *See infra* ¶¶ 14-15. Further, aligning the cases at this stage of the proceeding makes it likely that there will be a substantial savings of judicial time and effort in addressing the defendants' anticipated motions to dismiss (rather than having two separate judges in this district being required to undertake duplicative efforts in analyzing identical legal issues). As such, there is no concern that a party will be deprived an opportunity to respond or to be heard on this Motion.

14. On May 16 2014, counsel for the Bank of America Defendants conferred with counsel for the County concerning this Motion. The County does not object to the transfer, but

reserves the right to oppose the basis for this motion as complying with the provisions of L.R. 40.4.

15.     On May 16, 2014, counsel for the Bank of America Defendants conferred with counsel for the HSBC Defendants concerning this Motion.  Counsel for the HSBC Defendants also does not oppose this Motion.

## CONCLUSION

**WHEREFORE**, for the reasons set forth above, the Bank of America Defendants respectfully request that the Court grant its Motion to reassign a related case and, accordingly, (1) enter an order finding that Case No. 14-cv-2280 is related to Case No. 14-cv-2031, and the former should be reassigned to this Court, and (2) forward that order to the Executive Committee along with a request that the Committee reassign Case No. 14-cv-2280 to this Court.

Dated: May 16, 2014                     Respectfully Submitted,

                                        By:     /s/ J. Erik Connolly

                                                J. Erik Connolly
                                                *EConnolly@winston.com*
                                                Andrew C. Erskine
                                                *AErskine@winston.com*
                                                WINSTON & STRAWN LLP
                                                35 West Wacker Drive
                                                Chicago, Illinois 60601
                                                Tel.: (312) 558-5600
                                                Fax: (312) 558-5700

                                                Thomas M. Hefferon (*pro hac vice* to be filed)
                                                *THefferon@goodwinprocter.com*
                                                James W. McGarry (*pro hac vice* to be filed)
                                                *JMcGarry@goodwinprocter.com*
                                                Matthew S. Sheldon (*pro hac vice* to be filed)
                                                *MSheldon@goodwinprocter.com*
                                                GOODWIN PROCTER LLP
                                                901 New York Avenue, N.W.
                                                Washington, D.C. 20001

Tel.: (202) 346-4000
Fax: (202) 346-4444

*Attorneys for Defendants Bank of America Corporation, Bank of America, N.A., Countrywide Financial Corporation, Countrywide Home Loans, Inc., Countrywide Bank, FSB, Countrywide Warehouse Lending, LLC, BAC Home Loans Servicing, LP, Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Capital Inc., and Merrill Lynch Mortgage Lending, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2014, I caused a true and correct copy of the foregoing to be served upon counsel of record in Case No. 14-cv-2031 by electronic filing, including counsel identified below who have also appeared in Related Case No. 14-cv-2280.


/s/ J. Erik Connolly
One of the attorneys for Defendants


Daniel A. Dailey
James D. Montgomery and Associates, Ltd.
One North LaSalle Street
Suite 2450
Chicago, IL 60602
(312) 977-0200
ddailey@jdmlaw.com

Darren Penn
Harris Penn Lowry LLP
400 Colony Square, Suite 900
1201 Peachtree Street, N.e.
Atlanta, GA 30361
(404) 961-7650
darren@hpllegal.com

David J. Worley
Harris Penn Lowry DelCampo, LLP
400 Colony Square
1201 Peachtree Street, NE
Suite 900
Atlanta, GA 30361
404-961-7650
Fax: 404-961-7651
djw@eafirm.com

Jeffrey Harris
Harris Penn Lowry LLP
400 Colony Square, Suite 900
1201 Peachtree Street, Ne
Atlanta, GA 30361

James M. Evangelista
Harris Penn Lowry LLP
400 Colony Square, Suite 900
1201 Peachtree St., NE
Atlanta, GA 30361
(404) 961-7650
jme@eafirm.com

James D. Montgomery, Sr.
James D. Montgomery & Associates, Ltd.
One North LaSalle Street
Suite 2450
Chicago, IL 60601
(312)977-0200
james@jdmlaw.com

James Douglas Montgomery, Jr.
James D. Montgomery & Associates, Ltd.
1 North LaSalle Street
Suite 2450
Chicago, IL 60602-4093
(312) 977-0200
james2@jdmlaw.com

Michelle M. Montgomery
James D. Montgomery and Associates
1 N. LaSalle Street
Suite 2450
Chicago, IL 60602

(404) 961-7650                              312-977-0200
jeff@hpllegal.com                          mmm@jdmlaw.com

John K. Kennedy
James D. Montgomery & Associates, Ltd.
One North LaSalle Street
Suite 2450
Chicago, IL 60602
(312) 977-0200
jkennedy@jdmlaw.com