IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COUNTY OF COOK<br><br>    Plaintiff,<br><br>v.<br><br>HSBC NORTH AMERICA HOLDINGS INC., ET AL.,<br>    Defendants. | Case No.:    1:14-cv-02031<br>District Judge John Z. Lee<br>Magistrate Judge Sheila M. Finnegan |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY**

Plaintiff respectfully seeks leave to file a Surreply to HSBC's Reply in support of its motion to dismiss.

Plaintiff requests leave to address new arguments supported by newly decided case law raised in HSBC's Reply. The recent case decisions were entered on July 8, shortly after Plaintiff filed its July 3 Opposition, and the HSBC Defendants rely heavily on the recent cases in their July 17 Reply. Because of the timing of those rulings, HSBC did not raise them in their June 4 Motion to Dismiss and Plaintiff did not have an opportunity to address the rulings, or an Eleventh Circuit case which guided those rulings, in Plaintiff's Opposition. Consequently, Plaintiff respectfully requests leave to file a short 7-page Surreply to respond to the new arguments HSBC presented in its Reply. A copy of Plaintiff's Surreply is attached to this motion as Exhibit A.

In support of this motion Plaintiff avers the following:

**FACTUAL BACKGROUND**

On June 4, 2014, Defendants filed their motion to dismiss this action.

1

On July 3, 2014, Plaintiff filed its Opposition to Defendant's motion to dismiss pursuant to the briefing schedule ordered by this Court.

On July 8, 2014, the U.S. District Court for the District of Florida issued decisions granting motions to dismiss in three Fair Housing Act cases brought by the City of Miami against several financial institutions for their mortgage lending practices (collectively, the "*Miami* actions"). *See Miami v. Bank of America Corp.*, No. 13-24506-CIV, 2014 WL \_\_\_, (S.D. Fla. July 8, 2014) (Dimitrouleas, J.) (granting defendants' motion to dismiss for plaintiff's purported lack of standing); *City of Miami v. Wells Fargo & Co.*, No. 13-14508-CIV, 2014 WL\_\_\_\_, (S.D. Fla. July 9, 2014) (Dimitrouleas, J.) (same; adopting and incorporating the order in the *Bank of America* decision); *City of Miami v. Citigroup, Inc.*, No. 13-24510-CIV, 2014 WL\_\_\_\_, (S.D. Fla. July 9, 2014) (Dimitrouleas, J.) (same). Judge Dimitrouleas decisions in the *Miami* actions were premised on an Eleventh Circuit case, *Nasser v. City of Homewood*, 671 F. 2d 432 (11th Cir. 1982). The *Miami* Court believed that *Nasser* differentiated the outcome in the *Miami* actions from the exact opposite outcome in virtually identical cases brought by the City of Los Angeles where all motions to dismiss were recently denied (the *Los Angeles* actions were discussed in Plaintiff's Opposition).[1]

On July 17, 2014, HSBC filed its Reply to Plaintiff's Opposition to HSBC's motion to dismiss. Throughout its Reply, HSBC relied heavily on the *Miami* decisions, particularly with respect to HSBC's statute of limitations argument and standing argument under *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377 (2014), asserting a new case law in support of its motion to dismiss. In addition, HSBC's Reply continued to make material

---

[1] The court in the *Miami* action held that its "determination of whether Plaintiff has standing to sue under the FHA is guided by the Eleventh Circuit's opinion in *Nasser v. City of Homewood*, 671 F. 2d 432 (11th Cir. 1982)." *City of Miami v. Bank of America et al.*, No. 13-24506-CIV, 2014 WL \_\_\_, at 7 (S.D. Fla. July 8, 2014).

2

misrepresentations about the allegations of the Complaint that are critical to the Court's analysis of the statute of limitations and standing issues.

## ARGUMENT

HSBCs' Reply relies heavily on the recently decided *Miami* decisions regarding both its statute of limitations and standing arguments. This has enabled HSBC to raise a new argument in its Reply regarding the standing analysis under *Lexmark*.

Plaintiff could not have addressed the *Miami* decisions, in its July 3 Opposition or the *Nasser* case, which guided the *Miami* ruling, because the *Miami* decisions came after Plaintiff filed its response. Moreover, HSBC did not cite the *Nasser* case in its moving papers (although it could have since *Nasser* was decided in 1982). *See* HSBC Motion to Dismiss at 13-17. While HSBC's Reply merely cites to *Nasser* in passing, it does not discuss that case.

The *Miami* decisions are factually distinguishable regarding the key allegations in those actions that are directly relevant to the *Miami* court's rulings on the statute of limitations and standing issues. Indeed, it is precisely these key allegations in Cook County's Complaint that HSBC necessarily mischaracterizes in both its Reply and its moving papers in order to manufacture its legal arguments in support of its motion to dismiss. Moreover, the non-binding *Miami* actions are legally distinguishable because they explicitly turn on the *Miami* court's interpretation of the Eleventh Circuit's decision in *Nasser*.

Without an opportunity to respond to the matters raised in HSBC's Reply, Cook County would be adversely affected as it is the aggrieved party. To ensure that an aggrieved party is not impermissibly affected, a court must either invoke the waiver doctrine or allow the filing of a surreply. *Autotech Technologies Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 437 (N.D. Ill. 2006) (Cole, J.) (*citing Beaird v. Seagate Technology,* 145 F.3d 1159 (10th Cir.1998)).

3

Thus, where one party's reply brief contained a new argument that they had not previously raised, the opposing party is entitled to file a surreply. *See, e.g., Flynn v. Veazey Const. Corp,* 310 F.Supp.2d 186*.* (D.D.C.2004). Moreover, justice would not be served without Plaintiff having an opportunity to file a surreply to HSBC's new arguments (and factual misrepresentations of the Complaint) set forth in its Reply. In such circumstances, this Court also may grant leave to file a surreply at the motion to dismiss stage. *See, e.g., Tnaib v. Document Technologies, LLC,* 450 F.Supp.2d 87 (D.D.C.2006).

Therefore, Plaintiff respectfully requests leave to file the short, 7-page Surreply, attached to this motion as Exhibit A.

Filed: July 23, 2014

Signed By: /s/Daniel A. Dailey
Special Assistant State's Attorney

JAMES D. MONTGOMERY, SR.
JAMES D. MONTGOMERY, JR.
MICHELLE M. MONTGOMERY
JOHN K. KENNEDY
DANIEL A. DAILEY

*Special Assistant State's Attorneys*

**JAMES D. MONTGOMERY & ASSOCIATES LTD.**
One North LaSalle Suite 2450
Chicago, IL 60602
Phone: (312) 977-0200
Fax: (312) 977- 0209
ddailey@jdmlaw.com

JAMES M. EVANGELISTA
(admitted *pro hac vice*)
JEFFREY R. HARRIS
(admitted *pro hac vice*)
DARREN W. PENN

4

5

(admitted *pro hac vice*)
DAVID J. WORLEY
(admitted *pro hac vice*)

*Special Assistant State's Attorneys*

**HARRIS PENN LOWRY LLP**
400 Colony Square, Suite 900
1201 Peachtree Street, NE
Atlanta, GA 30361
Phone: (404) 961-7650
Fax: (404)961-7651
jim@hpllegal.com