**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

COUNTY OF COOK,

       Plaintiff,

v.

HSBC NORTH AMERICA HOLDINGS INC.,
ET AL.,

       Defendants.

Case No.:    1:14-cv-2031

District Judge John Z. Lee

Magistrate Judge Sheila M. Finnegan

## DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE A SURREPLY

Plaintiff Cook County (the "County") has moved for leave to file a surreply, ostensibly to address the July 9, 2014 district court decisions dismissing with prejudice virtually identical claims filed against three lenders by the City of Miami.[1] (ECF No. 56 at 1.) Yet, the County devotes less than one page of its six-page surreply to discussion of these decisions (ECF No. 56-1 at 1, 5), and fills more than five pages rehashing arguments set forth in its response to Defendants' Motion to Dismiss.

The decision whether to grant a motion for leave to file a surreply is within the discretion of the district court, and "denial of a motion for leave is appropriate when the moving party has already had the opportunity to fully brief the issues." *Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92, 110 n.10 (N.D. Ill. 2013) (citations omitted); s*ee also Meraz-Camacho v. United States*, 417 F. App'x 558, 559 (7th Cir. 2011) ("The decision to permit the filing of a surreply is

---

[1] *See* Order Granting Motion to Dismiss, *City of Miami v. Bank of Am. Corp.*, No. 1:13-cv-24506-WPD (S.D. Fla. July 9, 2014), ECF No. 71; Order Granting Motion to Dismiss, *City of Miami v. Wells Fargo & Co.*, No. 1:13-cv-24508-WPD (S.D. Fla. July 9, 2014), ECF No. 49 (incorporating by reference reasoning in *City of Miami v. Bank of Am. Corp.*); Order Granting Motion to Dismiss, *City of Miami v. Citigroup Inc.*, No. 1:13-cv-24510-WPD (S.D. Fla. July 9, 2014), ECF No. 64 (same).

purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief.").[2]  The decisions dismissing the City of Miami's virtually identical claims with prejudice for lack of standing were based on *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014), which both parties have had ample opportunity to brief to this Court.  More importantly, the bulk of the surreply does not even pretend to address the *City of Miami* decisions or anything other than Defendants' treatment in their reply brief of Plaintiff's arguments in opposition to the Motion to Dismiss.  Accordingly, the surreply is an improper attempt to evade the page limits specifically ordered by the Court for briefing in connection with Defendants' Motion to Dismiss.  (ECF No. 48.)

In addition, the motion should be denied because it fails to comply with the Court's rules.  First, this Court requires that, "[b]efore filing a motion, the movant's counsel must ask opposing counsel whether there is an objection to the motion."  Lee, J., Case Mgmt. Procedures, Mot. Practice, *available at* http://www.ilnd.uscourts.gov/JudgeInfo.aspx.  Counsel for Plaintiff did not consult with counsel for Defendants before filing the motion.  Second, the County failed to notice their motion for presentment, as required by Local Rule 5.3(b).  Accordingly, the Motion should be denied as procedurally improper.  *ChampionsWorld LLC v. U.S. Soccer Fed'n, Inc.*, 726 F. Supp. 2d 961, 965 (N.D. Ill. 2010) (denying motions for failure to comply with Local Rule 5.3(b)); *Maremont v. Susan Fredman Design Grp., Ltd.*, 772 F. Supp. 2d 967, 968 n.1 (N.D. Ill. 2011) (denying motion for failure to comply with procedural rules, including Local Rule

---

[2] *See also Williams v. Anthony*, No 12-c-4275, 2012 U.S. Dist. LEXIS 180881, at *7-8 (N.D. Ill. Dec. 21, 2012) ("a surreply is limited to addressing only new arguments raised for the first time by the opposing party in their reply briefing and not included in the original motion") (quoting *Marbury Law Grp., PLLC v. Carl*, 729 F. Supp. 2d 78, 82 (D.D.C. 2010)); *Franek v. Walmart Stores, Inc*, No. 08-cv-0058, 2009 U.S. Dist. LEXIS 20361, at *60 n.14 (N.D. Ill. Mar. 13, 2009) (denying motion for leave to file a surreply where "both parties had an adequate opportunity to present their arguments"); *Almy v. Kickert Sch. Bus Line*, No. 08-cv-2902, 2013 U.S. Dist. LEXIS 1935, at *46 (N.D. Ill. Jan. 7, 2013) ("denial of a motion to file a surreply is appropriate when the movant has had the opportunity to thoroughly brief the issues") (citing *Destiny Health, Inc. v. Conn. Gen. Life Ins. Co.*, 741 F. Supp. 2d 901, 911 (N.D. Ill. 2010)).

5.3(b)); *Piphus v. Bd. of Educ.*, No. 12-cv-7257, 2014 U.S. Dist. LEXIS 12806, at * 9 (N.D. Ill. Jan. 31, 2014) ("Because Plaintiffs failed to comply with Local Rule 5.3(b), and to date have failed to serve notice of a date of presentment, the motion is denied.")

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion for Leave to File a Surreply be denied.

Dated:  July 24, 2014                  Respectfully submitted,

**HSBC NORTH AMERICA HOLDINGS INC.; HSBC FINANCE CORPORATION; HSBC MORTGAGE CORPORATION (USA); HSBC MORTGAGE SERVICES INC.; HSBC USA INC.; HSBC BANK USA, NATIONAL ASSOCIATION; BENEFICIAL COMPANY LLC; DECISION ONE MORTGAGE COMPANY, LLC; and HFC COMPANY LLC**

By:     */s/ Andrew L. Sandler*
        Andrew L. Sandler (*pro hac vice*)
        Valerie L. Hletko (*pro hac vice*)
        Ann D. Wiles (*pro hac vice*)
        Mark E. Rooney (*pro hac vice*)
        BUCKLEYSANDLER LLP
        1250 24th St. NW, Suite 700
        Washington, D.C.  20037
        (202) 349-8000 (Telephone)
        (202) 349-8080 (Facsimile)
        asandler@buckleysandler.com
        vhletko@buckleysandler.com
        awiles@buckleysandler.com
        mrooney@buckleysandler.com

        Richard E. Gottlieb
        Brett J. Natarelli
        BUCKLEYSANDLER LLP
        123 N. Wacker Dr., Suite 1450
        Chicago, IL 60606
        (312) 924-9837 (Telephone)
        (312) 924-9899 (Facsimile)
        rgottlieb@buckleysandler.com
        bnatarelli@buckleysandler.com

        *Attorneys for Defendants*