# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| COUNTY OF COOK, <br><br> Plaintiff, <br><br> v. <br><br> HSBC NORTH AMERICA HOLDINGS INC., ET AL., <br><br> Defendants. | Case No.: 1:14-cv-2031 <br><br> District Judge John Z. Lee <br><br> Magistrate Judge Sheila M. Finnegan |

## DEFENDANTS' REPLY IN SUPPORT OF
## MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

There is a fundamental disagreement between the parties in this case, between Judges in this District, and in courts across the country regarding whether municipal plaintiffs have standing to bring claims under the Fair Housing Act ("FHA") similar to the County's claims in this case. In its September 30, 3015 Order, this Court ruled that the County has standing to bring its claims against HSBC. This holding was identical in effect to, but based on different reasoning than, another court in this District's holding that the County has standing to bring FHA claims against Bank of America. *Cty. of Cook v. Bank of Am. Corp.*, No. 14-c-2280, 2015 WL 1303313 (N.D. Ill. Mar. 19, 2015) (Bucklo, J.). Both of these holdings, however, contravene the holding of a third court in this District that the County does not have standing to bring identical FHA claims against Wells Fargo. *Cty. of Cook v. Wells Fargo & Co.*, No. 14-c-9548, 2015 WL 4397842 (N.D. Ill. July 17, 2015) (Feinerman, J.). As a result, Defendants have requested that the Court certify its Order for interlocutory appeal to provide the Seventh Circuit with the opportunity to rule on this threshold issue before the parties engage in protracted litigation and

1

incur millions of dollars in discovery costs that "could prove to be a useless exercise." *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1262 (7th Cir. 1980). As set forth in Defendants' Motion, certification for interlocutory appeal is appropriate under 28 U.S.C. § 1292(b), and nothing in the County's opposition is to the contrary.

**ARGUMENT**

The County and Defendants agree that an order may be certified for interlocutory appeal where: (1) it involves a controlling question of law; (2) there is a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. (*See* Mot. 2-3; Opp'n 4); 28 U.S.C. § 1292(b). As Defendants set forth in their Motion, "when the statutory criteria are met, the District Court has a duty to allow the appeal." *Dahlstrom v. Sun-Times Media, LLC*, 39 F. Supp. 3d 998, 1001 (N.D. Ill. 2014) (citing *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000)), *aff'd*, 777 F.3d 937 (7th Cir. 2015), *reh'g denied*, No. 14-2295 (7th Cir. May 1, 2015), *petition for cert. filed*, No. 15-158 (U.S. July 30, 2015); *see also In re Uranium Antitrust Litig.*, 617 F.2d at 1263 (the statute "provides appellate courts with a flexible tool for interlocutory review of complex and controlling questions of law," and interlocutory appeals are "permitted to assure orderly and efficient administration of complex cases"). Because the statutory standard is satisfied here, the Order should be certified for interlocutory appeal.

**I.      THE ORDER PRESENTS A CONTROLLING QUESTION OF LAW.**

The Court's Order presents a straightforward question of law: Does the County have standing to pursue its claim? (Mot. 4-5.) In response, the County argues that the Order does not present a "pure" question of law because Defendants' proposed question for certification focuses

on the County's alleged economic injuries, and that its standing to bring a claim for economic injury is irrelevant given that it purports to allege non-economic injuries as well. (Opp'n 5.)

As an initial matter, the County's purported non-economic harm is derivative of its alleged economic injury. Indeed, the County has alleged that "urban blight" and "community deterioration" has resulted in a decrease in its tax revenue, and that its "organizational harm" includes an increase in expenditures relating to the provision of government services. Specifically, the County alleges in its complaint that Defendants' conduct "has caused substantial, measurable damages" including "costs in providing governmental services," "reduced property values," "lost property tax revenue," "lost other tax revenues," "lost recording fees," and "various other injuries *resulting from* the deterioration and blight to the hardest hit neighborhoods and communities." (Compl. ¶ 285 (emphasis added).) The County goes on to allege that it "can isolate out-of-pocket and lost revenue damages attributable to each individual property secured by a predatory subprime loan issued by Defendants as a direct result of Defendants' discriminatory and predatory lending practices and resulting foreclosures." (*Id.* ¶ 294.) In other words, the County clearly alleges that its damages are quantifiable in dollars, making them economic damages. *See Alexander v. City of Milwaukee*, 474 F.3d 437, 452 (7th Cir. 2007) (concluding that damages having "economic value" must be considered "economic damages").

More importantly, the County's characterization of its alleged injuries does not alter the fact that whether the County has standing to bring its claim is a legal question. *See Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000) (addressing standing on interlocutory appeal); *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 957 (8th Cir. 2002) ("Given that this standing issue has been fully briefed and argued by the parties, that it is

3

bound to recur, and that it presents a pure question of law, we will address it now in the interest of judicial economy."); *Caruana v. Gen. Motors Corp.*, 204 F. App'x 511, 512 (6th Cir. 2006) (accepting standing questions for interlocutory appeal). Indeed, a plaintiff's standing is routinely decided, as here, at the motion to dismiss stage without the need for any factual record.

Regardless of how the County, Defendants, or even this Court may characterize Plaintiff's alleged injury, the question presented by the Order is the same: Under the FHA's zone of interest test, does this type of plaintiff have standing to bring this type of claim? Defendants argue that under *Lexmark* and *Thompson*, the answer is "no." (Mot. 5-10 (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014); *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170 (2011)).) The County argues that under *Gladstone* and *Havens*, the answer is "yes." (Opp'n 4-7 (citing *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91 (1979); *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982)).) This question is a pure question of law that the Seventh Circuit appropriately may resolve on interlocutory appeal.[1]

## II. THERE IS SUBSTANTIAL GROUND FOR A DIFFERENCE OF OPINION.

There also is substantial ground for difference of opinion regarding whether a municipal plaintiff like the County has standing under the FHA to bring a claim for injuries like the County has alleged here. (Mot. 5-10.) Indeed, this Court and Judge Bucklo have ruled that the County has standing to bring its claims against HSBC and Bank of America. This Court reasoned that because the County has Article III standing, it also "falls within the zone of interests of the FHA." (Order 16-17.) Judge Bucklo came to the same conclusion that the County has standing, but reasoned that "there is no need to undertake a separate zone of interests analysis" because the

---

[1] Plaintiff also argues that Defendants' Motion does not present a question of law because the "proposed question is not complex." (Opp'n 6.) A question of law, however, need not be complex to satisfy the statutory standard for interlocutory appeal. *See* 28 U.S.C. § 1292(b).

4

County met the minimum Article III requirements. *See Cty. of Cook v. Bank of Am. Corp.*, 2015 WL 1303313, at *4. By contrast, Judge Feinerman dismissed the County's case against Wells Fargo, holding that it cannot be among the "class of plaintiffs" authorized to sue under the FHA. *Cty. of Cook v. Wells Fargo & Co.*, 2015 WL 4397842, at *8 (citing *Lexmark*, 134 S. Ct. at 1387). This intra-District split, combined with divergent case law in other federal courts across the country, establishes a clear ground for difference of opinion. (Mot. 5-10 (citing cases).)

In response, the County recognizes the wide variation in holdings regarding standing in municipal FHA cases around the country, but argues that there is not substantial ground for difference of opinion because *Thompson* and *Lexmark* did not overrule the Supreme Court's prior decisions regarding standing under the FHA in *Gladstone* and *Havens*. (Opp'n 7-10.) The impact of *Thompson* and *Lexmark* on statutory standing under the FHA is the very basis of the difference of opinion between the various holdings in these municipal FHA cases, and is at the center of the disagreement between the parties in this case regarding standing. (*See, e.g.*, Mot. 7.) Indeed, the authority on which the County itself relies states that contrary decisions are central to the question of whether interlocutory appeal is warranted and that the analysis of whether there is a "substantial ground for difference of opinion" "includes examining whether other courts have adopted conflicting positions regarding the issue of law proposed for certification." *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 212 F. Supp. 2d 903, 909-10 (citing *Carlson v. Brandt*, No. 97-c-2165, 96-b-9606, 97-c-3630, 1997 WL 534500, at *6 (N.D. Ill. Aug. 22, 1997)).[2] Moreover, while the County downplays "the existence of a handful

---

[2] The County asserts that determining that there is substantial ground for a difference of opinion requires "demonstrating to this Court a 'substantial likelihood that the Court will be reversed on appeal.'" (Opp'n 7 (quoting *Padilla v. DISH Network L.L.C.*, No. 12-cv-7350, 2014 WL 539746, at *6 (N.D. Ill. Feb. 11, 2014)).) This is not the correct standard. *Padilla* relies for this proposition on *In re Brand Name Prescription Drugs Antitrust Litigation*, 878 F. Supp. 1078,

5

of contrary decisions from other courts" (Opp'n 7-8), *Lexmark* is a 2014 case and there has only been a handful of decisions relating to standing in municipal FHA cases since that time. Contrary to the County's assertion, the law is not well-settled in the wake of *Thompson* and *Lexmark*.

### III. RESOLUTION OF THE QUESTION MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THIS CASE.

Finally, a ruling on whether the County has standing may materially advance the ultimate termination of this case. (Mot. 10-11.) Indeed, a ruling in Defendants' favor may dispose of the case entirely. In response, the County again argues that interlocutory appeal would not materially advance the termination of the case because the County alleges both economic and non-economic injuries. (Opp'n 10-11.) As noted above, the County's arguments regarding the import of their non-economic damages are a red herring, as the semantics do not impact whether a municipal plaintiff has standing to bring an FHA claim under the County's theory. Moreover, even if the County had standing to bring a claim for alleged non-economic damages under the FHA (and it does not not), a "plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185

---

1081-82 (N.D. Ill. 1995). For its part, the court in *In re Brand Name* relied on a First Circuit case holding that the "existence of a 'difficult central question of law which is not settled by controlling authority' must be demonstrated," 878 F. Supp. at 1081 (quoting *In re Heddendorf*, 263 F.2d 887, 889 (1st Cir. 1959)), but then stated in the sentences immediately following that "[i]t must still be demonstrated that a 'substantial likelihood' exists that the district court ruling will be reversed on appeal." *Id.* at 1081-82 (citing *TCF Banking and Sav., F.A. v. Arthur Young & Co.*, 697 F. Supp. 362, 366 (D. Minn. 1988)). However, the Court in *TCF Banking* neither used that language nor applied that standard. Nor is it the standard the court in *In re Brand Name* applied. *Id.* at 1082 (declining to certify interlocutory review where the court found "[n]o substantial grounds for difference of opinion"); *see also Seven-Up Co. v. O-So Grape Co.*, 179 F. Supp. 167, 172 (S.D. Ill. 1959) (applying a "substantial likelihood" standard to a motion for interlocutory appeal only where the legal issue was committed to the court's exercise of discretion).

6

(2000); *see also Kenseth v. Dean Health Plan, Inc.*, 722 F.3d 869, 890 (7th Cir. 2013) ("Moreover, a plaintiff must demonstrate standing for each form of relief sought."). Thus, standing to pursue non-economic damages would not open the door to claims for economic damages that fall outside the FHA's zone of interest. As a result, even if the County prevailed on its argument that its non-economic injuries provide standing under *Gladstone* and *Havens*, a ruling by the Seventh Circuit that the County's alleged economic injuries fall outside the FHA's zone of interest would materially advance the litigation.[3] Indeed, such a holding would substantially narrow the scope of the case and significantly limit relevant discovery, related motion practice, and merits briefing. *See Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) (noting that the statute requires only that interlocutory appeal may materially advance the ultimate termination of the litigation; there is no requirement that a successful appeal necessarily would result in the termination of the case).

## CONCLUSION

For the reasons set forth above and in HSBC's Motion, HSBC respectfully requests that the Court certify its September 30, 2015 Order for interlocutory appeal.

---

[3] It is worth noting that the complaint against Wells Fargo also alleged what the County characterizes as non-economic harm, and Judge Feinerman nonetheless concluded that the County did not have standing and dismissed the case. *See* Complaint ¶¶ 11 ("organizational harm" and "blight"), 374 ("deterioration and blight"), *Cty. of Cook v. Wells Fargo & Co.*, No. 14-cv-9548 (N.D. Ill. Nov. 28, 2014), ECF No. 1. The County cannot distinguish the allegations in the two cases, and they are insufficient to confer standing in either.

Dated: December 15, 2015                Respectfully submitted,

**HSBC NORTH AMERICA HOLDINGS INC.; HSBC FINANCE CORPORATION; HSBC MORTGAGE CORPORATION (USA); HSBC MORTGAGE SERVICES INC.; HSBC USA INC.; HSBC BANK USA, NATIONAL ASSOCIATION; BENEFICIAL COMPANY LLC; DECISION ONE MORTGAGE COMPANY, LLC; and HFC COMPANY LLC**

By:     */s/ Andrew L. Sandler*
        Andrew L. Sandler *(pro hac vice)*
        Valerie L. Hletko *(pro hac vice)*
        Ann D. Wiles *(pro hac vice)*
        Mark E. Rooney *(pro hac vice)*
        BUCKLEYSANDLER LLP
        1250 24th St. NW, Suite 700
        Washington, D.C. 20037
        (202) 349-8000 (Telephone)
        (202) 349-8080 (Facsimile)
        asandler@buckleysandler.com
        vhletko@buckleysandler.com
        awiles@buckleysandler.com
        mrooney@buckleysandler.com

        Richard E. Gottlieb
        Brett J. Natarelli
        BUCKLEYSANDLER LLP
        353 N. Clark St., Suite 3600
        Chicago, IL 60654
        (312) 924-9837 (Telephone)
        (312) 924-9899 (Facsimile)
        rgottlieb@buckleysandler.com
        bnatarelli@buckleysandler.com

        *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

       I hereby certify that on December 15, 2015, I caused copies of the foregoing **Defendants' Reply in Support of Motion to Certify Order for Interlocutory Appeal** to be served via the ECF system upon the following:

| | |
|---|---|
| Darren Penn | Daniel A. Dailey |
| darren@hpllegal.com | ddailey@jdmlaw.com |
| David J. Worley | Michelle M. Montgomery |
| djw@eafirm.com | mmm@jdmlaw.com |
| James M. Evangelista | John K. Kennedy |
| jme@eafirm.com | jkennedy@jdmlaw.com |
| Jeffrey Harris | James D. Montgomery & Associates, Ltd. |
| jeff@hpllegal.com | One North LaSalle Street |
| Harris Penn Lowry, LLP | Suite 2450 |
| 400 Colony Square | Chicago, IL 60601 |
| 1201 Peachtree Street, NE | |
| Suite 900 | |
| Atlanta, GA 30361 | |

       I further certify that I caused copies of the foregoing **Defendants' Reply in Support of Motion to Certify Order for Interlocutory Appeal** to be served upon non-ECF Filer counsel listed below by U.S. Mail, postage pre-paid, on this 15th day of December 2015.

James D. Montgomery, Sr.
james@jdmlaw.com
James D. Montgomery & Associates, Ltd.
One North LaSalle Street
Suite 2450
Chicago, IL 60601

*Attorneys for Plaintiff*

                                                 By:    */s/ Andrew L. Sandler*
                                                            One of Defendants' attorneys