**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| COUNTY OF COOK, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:14-cv-02031 |
| | ) | |
| HSBC ET AL., | ) | JUDGE JOHN Z. LEE |
| Defendants. | ) | |

**INITIAL STATUS REPORT**

NOW COME Plaintiff, Cook County, and Defendants, HSBC North America Holdings Inc., et al. ("HSBC"), by and through their attorneys, pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1, to submit this joint initial status report in the above-captioned matter.

I. **Nature of the Case**
 A. **Attorneys of Record.**
  Plaintiff, County of Cook, is represented by Anita Alvarez, State's Attorney for Cook County, and Special Assistant State's Attorneys' James D. Montgomery Sr. and James M. Evangelista, Daniel A. Dailey and additional Special Assistant State's Attorneys' John K. Kennedy, Michelle M. Montgomery, Darren Penn, Jeff Harris, David Worley and Leslie Toran.

  Defendants are represented by Andrew L. Sandler, Valerie L. Hletko, Ann D. Wiles, Mark E. Rooney, Richard E. Gottlieb, and Brett J. Natarelli of BuckleySandler LLP.

 B. **Basis for federal jurisdiction.**
  Plaintiff asserts federal jurisdiction pursuant to 28 U.S.C. 1331 (federal question jurisdiction) for alleged violations of 42 U.S.C. 3601, et seq. (the Fair Housing Act or FHA).

  Defendants assert that the Court lacks subject matter jurisdiction because Plaintiff lacks standing to bring its claim.

 C. **Nature of claim(s) and any counterclaim(s), including the amount of damages and other relief sought.**
  Plaintiff's position: Plaintiff alleges that since 2003 Defendants continue to violate the Fair Housing Act through discriminatory housing practices constituting "equity stripping." This includes Defendants' discriminatory lending activities (e.g., marketing, pricing, underwriting, appraisal, credit override, compensation and wholesale lending policies and practices; Compl. ¶¶25, 73-132, 141-74) and discriminatory loan servicing/foreclosure policies and practices (¶¶259-81), reflected in the empirical data (¶¶133-40, 254-58). As a result of Defendants' discrimination, Plaintiff alleges that its minority neighborhoods suffer from increased and concentrated foreclosures due to higher loan costs, less favorable loan terms, the concentration of such loans, and/or the discriminatory manner in which Defendants have serviced/foreclosed on those loans (¶¶14-15, 244-258, 268-71). In addition to punitive damages, attorneys' fees and

-1-

injunctive relief, Plaintiff seeks actual damage for the: (1) segregative effect on the fabric of Plaintiff's communities, leading to urban blight (¶¶5, 248, 285-86, 311); (2) forced reallocation of Plaintiff's limited financial and human resources within its organizational structure (¶¶5, 300); and (3) its own financial harm, including out-of-pocket expenditures, lost tax revenue, and/or the deterioration of its tax base. Plaintiff disagrees with Defendants' characterization of the Complaint.

Defendants' position: Defendants deny the allegations in the Complaint and assert numerous affirmative defenses, including that Plaintiff's claim is barred by the statute of limitations and that Plaintiff's own policies and practices caused their alleged injury in whole or in part. (*See generally* Defs.' Answer, ECF No. 83.) The Complaint alleges "a causal connection between Defendants' discriminatory lending practices, on the one hand, and high rates of loan defaults and the resulting home foreclosures, on the other." (*See* Mem. Op. 10, ECF No. 76.) In a further attenuated chain that cannot satisfy any adjudication of causality in view of the multitude of factors at issue, Plaintiff claims that such foreclosures led to vacancies and (i) out-of-pocket damages relating to increased expenditures for government services (*e.g.*, Compl. ¶ 310); and (ii) diminution in property tax revenues (*e.g.*, *id.* ¶ 297). The Complaint alleges discrimination relating to mortgage loan origination practices only—not marketing, securitization, servicing, or foreclosure practices—and does not allege damages relating to a "segregative effect." (*See, e.g.*, *id.* ¶¶ 56-58.) Plaintiff's Complaint improperly names as Defendants certain holding companies that are not engaged in mortgage loan origination or servicing.

### D. Major legal and factual issues.

Plaintiff's position: Plaintiff's Complaint (Dkt. No. 1, Nov. 28, 2014), raises the following key legal/factual issues:

- Whether operating individually or as a common enterprise, the HSBC Defendants' various interrelated first and second lien residential mortgage lending and servicing activities -- including mortgage loan marketing, steering, underwriting, credit, compensation, and servicing/foreclosure policies and practices – constituted a continuing discriminatory housing pattern or practice of equity stripping in violation of the Fair Housing Act?
- Whether HSBC's discriminatory conduct has had an adverse, disproportionate and/or disparate impact on FHA protected minority borrowers in Plaintiff's communities and neighborhoods?
- Whether HSBC acted intentionally or with callous and reckless disregard for Plaintiff's federally protected rights?
- Whether HSBC concealed its discriminatory conduct?
- Whether Plaintiff has been, and continues to be, harmed by HSBC's discriminatory conduct?
- The amount Plaintiff has been damaged by HSBC's discriminatory conduct?

As the Court already ruled: (1) Plaintiff's standing is firmly established; and (2) Defendants do not demonstrate a statute of limitations defense under the plain language of the FHA and the continuing discriminatory housing practice alleged in the Complaint. Thus, Defendants' attempt to impose a discovery rule under the equitable, common law doctrine of "continuing violations" is irrelevant and improper.

Defendants' position: Under the FHA, Plaintiff must show discriminatory treatment or, subject to a "robust causality requirement," a neutral, artificial, arbitrary, and unnecessary policy causing a disparate impact on a protected class, which caused Plaintiff harm. *See Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 135 S. Ct. 2507, 2523 (2015). This analysis of standing will be conducted at summary judgment. (*See* Mem. Op. 12, 20, ECF No. 76.) To rely on the continuing violation doctrine for alleged wrongful conduct before March 21, 2012—which is otherwise time-barred (*id.* at 20)—Plaintiff must demonstrate (i) an actionable violation within the limitations period, and (ii) that Plaintiff was unaware of the basis for its claim prior to that date. Accordingly, the following are the major legal and factual issues:

- Whether Plaintiff can identify a violation after March 21, 2012.
- Whether Plaintiff was aware of the basis for its claim before March 21, 2012.
- Whether Plaintiff has standing.
- Whether Plaintiff can identify any property address where alleged damages to Plaintiff are fairly traceable to and proximately caused by a Defendant's discriminatory mortgage loan.
- Whether Defendants not engaged in mortgage loan origination or servicing properly may be parties to the lawsuit.

**E. Describe the relief sought by Plaintiff**

Plaintiff is seeking injunctive relief, monetary relief, punitive damages and its costs in fees in prosecuting the action.

## II. Pending Motion and Case Plan

**A. Identify the initial day/or date of the status hearing:** The status hearing is set for Wednesday, January 20, 2016 at 9:00 am.

**B. Identify all pending motions:** Defendants' Motion to Certify Order for Interlocutory Appeal [Dkt. No. 81.]

**C. Submit a proposal for a discovery plan, including the following information:**
  **1. The general type of discovery needed**

Plaintiff's position: Plaintiff anticipates extensive document production, depositions, and written discovery, including, document requests, requests to admit, and interrogatories regarding defendants' various mortgage lending, underwriting, purchasing, servicing and foreclosure policies and practices, and related email communications and compliance reports. Plaintiff also anticipates the production of defendants' mortgage loan data tapes from its loan application registry (LAR) and mortgage servicing and foreclosure data, regarding all mortgage loans defendants originated in Cook County or that defendants purchased or funded that were otherwise originated in Cook County for the relevant period as alleged in the complaint.

Defendants' position: Defendants anticipate propounding discovery requests relating to the date Plaintiff knew or should have known of the basis for its claim; the basis for Plaintiff's allegations of discrimination, including "equity stripping" and reverse redlining; the identification of property addresses at which Plaintiff claims to have suffered damages; information regarding the nature, extent, and causation of alleged damages at such properties and surrounding properties (including information relating to policing and criminal activity, property

condition, property maintenance, occupancy status, tax revenue, municipal liens, foreclosures, and other records); and information relating to any role Plaintiff had in loan origination, housing assistance, or other assistance at such properties.

**2. A date for Rule 26(a)(1) disclosures:** February 1, 2016

**3. A date to issue written discovery:** February 1, 2016

**4. A date for the deadline to amend pleadings:** May 2, 2016

**5. A fact discovery completion date:**

Plaintiff's position: Plaintiff proposes December 31, 2016. Plaintiff strongly opposes Defendants' proposal below to phase and limit full merits discovery based on Defendants' purported statute of limitations defense. The Court denied this defense in its ruling on the motion to dismiss. Defendants' position: (1) is premised on a mischaracterization of the discriminatory housing practices alleged in the Complaint; (2) misapplies and misinterprets the FHA's limitations provision, 42 U.S.C. §3613(a)(1)(A), and the law interpreting it; and (3) relies on the factually inapposite cases in the Central District of California where, unlike here, the alleged discriminatory conduct was limited to mortgage lending policies, did not include loan servicing/foreclosure practices in of themselves, and did not allege an equity stripping scheme that is inherently continuing by its nature. Defendants' proposed phasing of discovery is inappropriate, would be prejudicial to Plaintiff, and is inconsistent with the proceedings in the matter *Cook County v. Bank of America* et al., No. 14-CV-2280 (N.D. Ill) (J. Bucklo).

Defendants' position: Defendants propose May 1, 2016 as the fact discovery completion date for the first phase of discovery, which will test whether the Complaint is time-barred because (i) Plaintiff was aware of its claim prior to March 21, 2012; or (ii) Plaintiff cannot identify any allegedly discriminatory practice by any Defendant occurring within the limitations period. At the end of the first phase, Defendants will file a motion for summary judgment. If Defendants' motion is denied, a second phase will be devoted to examining the period prior to March 21, 2012. This phased approach to discovery is consistent with the case management of every municipal FHA case that has been resolved at summary judgment, including two virtually identical cases in the Central District of California resolved in the past year. *See, e.g., City of L.A. v. Wells Fargo & Co.*, No. 2:13-cv-9007, 2015 WL 4398858 (C.D. Cal. July 29, 2015) (granting summary judgment for defendant bank in FHA action where municipal plaintiff could not show a violation within the limitations period). Defendants' proposal has the potential to dispose of the case in its entirety a full year before Plaintiff's proposal.

**6. An expert discovery completion date, including dates for the delivery of expert reports:**

Plaintiff proposes January 31, 2017 as the date for Plaintiff to provide initial expert reports, February 28, 2017 as the date for Defendants to provide expert reports, and March 31, 2017 as the date to complete expert discovery. Plaintiff opposes any phasing of discovery.

Defendants propose that expert discovery run concurrently with fact discovery within each phase. Accordingly, Defendants propose a May 1, 2016 deadline for first-phase expert discovery.

### 7. A date for the filing of dispositive motions:

Plaintiff proposes May 2, 2017 as the date for filing dispositive motions and opposes any phasing of discovery.

Defendants propose a deadline of May 16, 2016 to file first-phase dispositive motions.

### D. With respect to trial, indicate the following:
#### 1. Whether a jury trial is requested:

Plaintiff requests trial by Jury.

Defendants' view is that a bench trial would be appropriate given the complexities of the case.

#### 2. The probable length of trial.

Plaintiff estimates the probable length of trial of four weeks.

Without knowing the number of loans potentially at issue in the case, Defendants' view is that it is too early in the case to estimate the length of trial.

## III. Magistrate Judge
### 1. Whether the parties consent to proceed before a magistrate judge for all purposes.

Plaintiff does not consent to proceed before a magistrate judge for trial. However, the Parties agree that, once the Court has entered a scheduling order, discovery matters may be effectively managed by a magistrate judge.

## IV. Settlement
### A. Indicate whether any settlement discussions have occurred.

Plaintiff served the Defendants with what Plaintiff considered to be a reasonable, written offer of settlement pursuant to Fed.R.Evid. 408 on August 10, 2015 as a starting point to settlement discussion.

Defendants did not view the offer as a reasonable or productive starting point for settlement discussions, and have not countered.

### B. Describe the status of any settlement discussions. None.

### C. State whether the Parties request a settlement conference

The Parties do not request a settlement conference at this time.

Dated:   January 13, 2016


Signed By:  Daniel A. Dailey
Special Assistant State's Attorney

JAMES D. MONTGOMERY, SR.
MICHELLE M. MONTGOMERY
JOHN K. KENNEDY
DANIEL A. DAILEY

*Special Assistant State's Attorneys*

**JAMES D. MONTGOMERY &
ASSOCIATES LTD.**
One North LaSalle Suite 2450
Chicago, IL 60602
Phone: (312) 977-0200
Fax: (312) 977- 0209
ddailey@jdmlaw.com

JAMES M. EVANGELISTA
(admitted *pro hac vice*)
JEFFREY R. HARRIS
(admitted *pro hac vice*)
DARREN W. PENN
(admitted *pro hac vice*)
DAVID J. WORLEY
(admitted *pro hac vice*)

*Special Assistant State's Attorneys*

**HARRIS PENN LOWRY LLP**
400 Colony Square, Suite 900
1201 Peachtree Street, NE
Atlanta, GA 30361
Phone: (404) 961-7650
Fax: (404)961-7651
jim@hpllegal.com

Signed By:  Andrew L. Sandler

Andrew L. Sandler (*pro hac vice*)
Valerie L. Hletko (*pro hac vice*)
Ann D. Wiles (*pro hac vice*)
Mark E. Rooney (*pro hac vice*)
**BUCKLEYSANDLER LLP**
1250 24th St. NW, Suite 700
Washington, D.C.  20037
(202) 349-8000 (Telephone)
(202) 349-8080 (Facsimile)
asandler@buckleysandler.com
vhletko@buckleysandler.com
awiles@buckleysandler.com
mrooney@buckleysandler.com

Richard E. Gottlieb
Brett J. Natarelli
**BUCKLEYSANDLER LLP**
353 N. Clark St., Suite 3600
Chicago, IL 60654
(312) 924-9837 (Telephone)
(312) 924-9899 (Facsimile)
rgottlieb@buckleysandler.com
bnatarelli@buckleysandler.com

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 13, 2016 I caused a true and correct copy of the foregoing to be served upon counsel of record by electronic filing.

<u>/s/  Daniel A. Dailey</u>