IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COUNTY OF COOK, | ) | |
|     Plaintiff, | ) | |
|         v. | ) | Case No. 1:14-cv-02031 |
| | ) | |
| HSBC ET AL., | ) | JUDGE JOHN Z. LEE |
|     Defendants. | ) | |

JOINT PROPOSED DISCOVERY PLAN

NOW COME Plaintiff, Cook County, and Defendants, HSBC North America Holdings Inc., et al. ("HSBC"), by and through their attorneys, to submit this joint discovery plan in the above-captioned matter.

**Discovery Deadlines**

The parties propose the following discovery deadlines:

1. **Opening of discovery period:** February 1, 2016

2. **Deadline for Rule 26(a)(1) disclosures:** March 1, 2016

3. **Deadline to amend pleadings (excluding Plaintiff's identification of property addresses at issue):** May 31, 2016

4. **Deadline to complete non-expert written discovery (including document discovery, requests for admission, and interrogatories):** December 30, 2016

5. **Deadline to complete fact depositions and all fact discovery:** March 31 , 2017

6. **Deadline for Plaintiff to amend complaint to identify all property addresses at issue:** May 1, 2017

7. **Deadline to disclose expert witnesses:** April 7, 2017

8. **Deadline for expert witness reports:** May 1, 2017

9. **Deadline for expert witness rebuttal reports:** June 1, 2017

10. **Deadline to complete expert discovery:** July 31, 2017

11. **Deadline to file summary judgment motions:** September 1, 2017

**12. Summary judgment opposition briefs due:** October 2, 2017

**13. Summary judgment reply briefs due:** October 27, 2017

**Additional Matters**

- The Parties agree that discovery may be effectively managed by a magistrate judge.

- The Parties agree that the exchange of discovery is contingent upon entry of a Confidentiality Order, and will endeavor in good faith to agree upon a proposed Confidentiality Order as soon as practicable.

- The Parties shall produce documents and other electronically stored information ("ESI") consistent with Fed. R. Civ. P. 34(b)(E) and/or may enter into a specific ESI protocol to govern the form of production.

- The Parties have a disagreement regarding dispositive motions.

    o Plaintiff's Position: For purposes of judicial efficiency, Plaintiff proposes that each side may file only one dispositive motion at the conclusion of discovery. It is well settled that district courts have broad discretion to manage their dockets. *A. Bauer Mech., Inc. v. Joint Arbitration Bd.,* 562 F.3d 784, 790, (7th Cir. 2009); *See, e.g., Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706-07 (7th Cir. 2006) (citing *Koszola v. Bd. of Educ. of the City of Chi*., 385 F.3d 1104, 1109 (7th Cir. 2004)); *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002). Implicit in this basic principle is the authority to enforce local rules or practices that enable a district court to manage its docket as efficiently and speedily as possible, particularly where there is no risk of unfair prejudice to the litigants. *See Reales v. Conrail*, 84 F.3d at 996 (7th Cir. 1996). Here, due to the need for extensive fact and expert discovery, the parties should endeavor to use judicial resources wisely and file dispositive motions when all discovery has concluded to avoid protracted litigation with Federal Rule of Civil Procedure 56(d) responses.

    o Defendants' Position: There is no basis at this stage of the case to impose a limit on the application of Federal Rule of Civil Procedure 56(b), which provides that motions for summary judgment may be filed "at any time until 30 days after the close of discovery." *See, e.g.*, *Chambers v. Am. Trans Air, Inc.*, 17 F.3d 998, 1002 (7th Cir. 1994) ("The 'fact that discovery is not complete—indeed, has not begun—need not defeat the motion. A defendant may move for summary judgment at any time'" (quoting *Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 729 (7th Cir. 1986))); *S. Austin Coal. Cmty. Council v. SBC Commc'ns Inc.*, 274 F.3d 1168, 1171 (7th Cir. 2001) ("District courts may mitigate the expense of litigation by resolving motions for summary judgment early in the case—in advance of discovery, if appropriate . . . ."). Defendants believe that the Court will be in a position to exercise its discretion concerning the timing of summary

judgment motions after discovery has commenced and the Parties are in a position to present a more developed factual record.

\* \* \* \* \*

Dated:   January 22, 2016

Signed By: <u>Daniel A. Dailey</u>
Special Assistant State's Attorney

JAMES D. MONTGOMERY, SR.
MICHELLE M. MONTGOMERY
JOHN K. KENNEDY
DANIEL A. DAILEY

*Special Assistant State's Attorneys*

**JAMES D. MONTGOMERY & ASSOCIATES LTD.**
One North LaSalle Suite 2450
Chicago, IL 60602
Phone: (312) 977-0200
Fax: (312) 977- 0209
ddailey@jdmlaw.com

JAMES M. EVANGELISTA
(admitted *pro hac vice*)
JEFFREY R. HARRIS
(admitted *pro hac vice*)
DARREN W. PENN
(admitted *pro hac vice*)
DAVID J. WORLEY
(admitted *pro hac vice*)

*Special Assistant State's Attorneys*

**HARRIS PENN LOWRY LLP**
400 Colony Square, Suite 900
1201 Peachtree Street, NE
Atlanta, GA 30361
Phone: (404) 961-7650
Fax: (404)961-7651
jim@hpllegal.com

Signed By: <u>Andrew L. Sandler</u>

Andrew L. Sandler (*pro hac vice*)
Valerie L. Hletko (*pro hac vice*)
Ann D. Wiles (*pro hac vice*)
Mark E. Rooney (*pro hac vice*)
**BUCKLEYSANDLER LLP**
1250 24th St. NW, Suite 700
Washington, D.C.  20037
(202) 349-8000 (Telephone)
(202) 349-8080 (Facsimile)
asandler@buckleysandler.com
vhletko@buckleysandler.com
awiles@buckleysandler.com
mrooney@buckleysandler.com

Richard E. Gottlieb
Brett J. Natarelli
**BUCKLEYSANDLER LLP**
353 N. Clark St., Suite 3600
Chicago, IL 60654
(312) 924-9837 (Telephone)
(312) 924-9899 (Facsimile)
rgottlieb@buckleysandler.com
bnatarelli@buckleysandler.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 22, 2016 I caused a true and correct copy of the foregoing to be served upon counsel of record by electronic filing.

                                        /s/ Daniel A. Dailey