## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| COUNTY OF COOK,<br><br>    Plaintiff,<br><br>v.<br><br>HSBC NORTH AMERICA HOLDINGS INC.,<br>ET AL.,<br><br>    Defendants. | Case No.:  1:14-cv-2031<br><br>District Judge John Z. Lee<br><br>Magistrate Judge Sheila M. Finnegan |

### JOINT MOTION TO HAVE THE COURT ENTER THE PARTIES' AGREED UPON CASE MANAGEMENT SCHEDULE IN LIGHT OF THE SUPREME COURT'S DECISION IN *CITY OF MIAMI*

   This case has been stayed pending the Supreme Court's decision in *Bank of Am. Corp. v. City of Miami*, No. 15-1111 and *Wells Fargo & Co. v. City of Miami*, No. 15-1112 ("*City of Miami*"). On May 1, 2017, the Supreme Court issued its ruling. *See Bank of Am. Corp. v. City of Miami*, 137 S. Ct. 1296 (2017). Plaintiff and Defendants (collectively, "the Parties") met and conferred regarding the most efficient way to proceed in light of the Supreme Court's decision. The Parties respectfully request that the Court enter a case management order that (1) allows Plaintiff to file a Second Amended Complaint ("SAC") within 60 days; (2) imposes the briefing schedule set forth below for a Motion to Dismiss; and (3) continues the current stay of discovery until the Court rules on Defendants' Motion to Dismiss. In support of this Motion, the Parties state as follows:

   1.  On August 3, 2016, this Court granted Defendants' Uncontested Motion to Stay Proceedings Pending Supreme Court Resolution of Controlling Issues of Law, staying all activity in the case until the Supreme Court's decision in *City of Miami*. (ECF No. 121.)

2.      On May 1, 2017, the Supreme Court issued a decision in *City of Miami*.  The Supreme Court's decision relates in relevant part to the legal standard for proximate causation, which is a controlling issue in this case.

3.      The Court "conclude[d] that the Eleventh Circuit erred in holding that foreseeability is sufficient to establish proximate cause under the FHA." *Id.* at 1306.  Instead, the Supreme Court held that proximate cause under the FHA requires "some direct relation between the injury asserted and the injurious conduct alleged."  *Id.* (citation and internal quotations omitted).  Thus, the Court vacated the decision of the Eleventh Circuit and remanded for further proceedings consistent with its ruling.

4.      This Court relied on the Eleventh Circuit's now-vacated holding that foreseeability is sufficient to establish proximate cause when it ruled on Defendants' motion to dismiss.  (ECF No. 76 at 19.)

5.      Plaintiff informed Defendants that it intends to file a second amended complaint in light of *City of Miami*.  The complaint amendment deadline in this matter set by the Court was May 31, 2016, and then was extended to September 28, 2016.  (ECF No. 111.)  The case was stayed on August 3, 2016.

6.      In light of *City of Miami*, the Parties are in agreement that the most efficient course in this matter would be for Plaintiff to file a second amended complaint and for Defendants to move to dismiss the second amended complaint so that this Court can rule on the impact of *City of Miami*.  The Parties agree that discovery should remain stayed while the Court assesses this issue.

7.     Accordingly, the Parties respectfully request that this Court enter an Order that:

    a.     gives Plaintiff leave to file a SAC within 60 days of the entry of an order adopting the proposed schedule to reflect the U.S. Supreme Court's guidance in *City of Miami*;

    b.     sets a Motion to Dismiss briefing schedule as follows:

        i.     Defendants' Motion to Dismiss is due 28 days after the SAC is filed;

        ii.     Plaintiff's opposition to the Motion to Dismiss is due 28 days after the motion is filed;

        iii.     Any reply brief by Defendants is due in 14 days after the opposition is filed;

    c.     extends the current stay of discovery until the Court rules on the Motion to Dismiss and, if necessary, a new scheduling order is entered; and

    d.     strikes the status hearing currently set for June 13, 2017 or, in the alternative, reschedules it for June 27, 28, or 29.[1]

8.     A proposed order will be submitted to the Court via email, per the Court's procedures.

WHEREFORE, the Parties request that this Court enter the Parties' agreed case management schedule.

* * * * *

---

[1] Counsel for Defendants have a conflict on June 13, 2017, and counsel for Plaintiffs are willing to accommodate a rescheduling of the status hearing if it is to go forward.

3

Dated June 2, 2017

Respectfully submitted:

Signed By:  /s/ James M. Evangelista (by consent)

Signed By:  /s/ Valerie L. Hletko

James D. Montgomery, Sr.
Michelle M. Montgomery
John K. Kennedy
*Special Assistant State's Attorneys*
**JAMES D. MONTGOMERY & ASSOCIATES LTD.**
One North LaSalle Suite 2450
Chicago, IL 60602
(312) 977-0200 (Telephone)
(312) 977-0209 (Fax)
mmm@jdmlaw.com
jkennedy@jdmlaw.com

James M. Evangelista (*pro hac vice*)
David J. Worley (*pro hac vice*)
*Special Assistant State's Attorneys*
**EVANGELISTA WORLEY LLC**
8100A Roswell Rd., Suite 100
Atlanta, GA  30350
(404) 205-8400 (Telephone)
(404) 205-8395 (Fax)
jim@ewlawllc.com
david@ewlawllc.com

*Attorneys for Plaintiff*

Andrew L. Sandler (*pro hac vice*)
Valerie L. Hletko (*pro hac vice*)
Ann D. Wiles (*pro hac vice*)
Mark E. Rooney (*pro hac vice*)
**BUCKLEY SANDLER LLP**
1250 24th St. NW, Suite 700
Washington, D.C.  20037
(202) 349-8000 (Telephone)
(202) 349-8080 (Fax)
asandler@buckleysandler.com
vhletko@buckleysandler.com
awiles@buckleysandler.com
mrooney@buckleysandler.com

Scott Sakiyama
**BUCKLEY SANDLER LLP**
353 N. Clark St., Suite 3600
Chicago, IL  60654
(312) 924-9800 (Telephone)
(312) 924-9899 (Fax)
ssakiyama@buckleysandler.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on June 2, 2017 I caused a true and correct copy of the foregoing to be served upon counsel of record by electronic filing for ECF users and by US mail for non-ECF users.


By:      */s/ Valerie L. Hletko*
           One of Defendants' attorneys