**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

COUNTY OF COOK,

       Plaintiff,

v.

HSBC NORTH AMERICA HOLDINGS INC.,
ET AL.,

       Defendants.

Case No.: 1:14-cv-2031

District Judge John Z. Lee

Magistrate Judge Sheila M. Finnegan

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR RECONSIDERATION**

## INTRODUCTION

More than a year after this Court issued its order ("Order") granting in part and denying in part Defendants' ("HSBC") Motion to Dismiss the Second Amended Complaint (ECF No. 175), Plaintiff Cook County (the "County") has filed a motion for reconsideration ("Motion") of one slice of it—the dismissal of claims for damages relating to alleged diminution in property tax revenues—in light of the Eleventh Circuit's decision in *City of Miami v. Wells Fargo & Co.*, 923 F.3d 1260 (11th Cir. 2019) ("*City of Miami III*"). While the County prefers this aspect of the outcome in *City of Miami III* for obvious reasons, it does not identify anything in this Court's reasoning to be wrong and the Motion should be denied for three independent reasons.

*First*, as this Court repeatedly has held, motions to reconsider "serve a very limited purpose: correcting manifest errors of law or fact and presenting newly discovered evidence." *See, e.g.*, *Essex Ins. Co. v. Structural Shop, Ltd.*, No. 15 C 2806, 2018 WL 5631530, at *1-2 (N.D. Ill. Oct. 31, 2018) (Lee, J.). The only basis Plaintiff offers for reconsideration is the outcome of an out-of-circuit case, which is merely persuasive authority and, accordingly, cannot provide a basis for concluding that this Court committed a manifest error of law.

*Second*, there is no basis to find that this Court committed a manifest error of law. In the Order, this Court plainly applied the Supreme Court's standard for proximate cause in cases raising claims under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* ("FHA"), which requires that injuries must have "some direct relation" to the alleged injurious conduct. *Cty. of Cook v. HSBC N. Am. Holdings*, 314 F. Supp. 3d 950, 958 (N.D. Ill. 2018) (citing *Bank of Am. v. City of Miami*, 137 S. Ct. 1296 (2017) ("*City of Miami II*")). By contrast, the Eleventh Circuit reasoned that "some direct relation" means only "meaningful and logical continuity," and found that a plaintiff could establish proximate cause for any damages claim that is not "administratively infeasible."

1

*City of Miami III*, 923 F.3d at 1281-91.  Similarly, although the Supreme Court held that the "general tendency" in the proximate cause analysis is to exclude injuries that fall outside the "first step" in the causal chain, the Eleventh Circuit concluded that step counting was of "limited value."  *Id.* at 1277-78.  The Eleventh Circuit's standard is almost indistinguishable from the standard it originally applied, which resulted in the Supreme Court's reversal.  *Id.* at 1272.  It was, in fact, not this Court but the Eleventh Circuit that erred.

*Third*, even if the Court were to apply the Eleventh Circuit's reasoning, the Motion should be denied.  The Eleventh Circuit emphasized that the City of Miami "explains in *considerable detail* how hedonic regression analysis will help pinpoint the attributable loss" when "pleading the tax-revenue injury."  *Id.* at 1286 (emphasis added).  Here, the Second Amended Complaint lacks such detail, and there is not a single reference to "hedonic regression."

## PROCEDURAL POSTURE

Plaintiff filed the Complaint on March 21, 2014 (ECF No. 1), and filed the Amended Complaint on March 31, 2014.  (ECF No. 12.)  HSBC moved to dismiss the Amended Complaint on June 3, 2014.  (ECF No. 49.)  In ruling on the motion to dismiss the Amended Complaint, this Court initially concluded that the County had adequately pled proximate cause under the FHA, citing as principal authority *City of Miami v. Bank of Am., Corp.*, 800 F.3d 1262 (11th Cir. 2015) ("*City of Miami I*"), *rev'd*, *City of Miami II*, 137 S. Ct. 1296 (2017).  *Cty. of Cook v. HSBC N. Am. Holdings Inc.*, 136 F. Supp. 3d 952, 965 (N.D. Ill. 2015).  After the Supreme Court agreed to hear the appeal of *City of Miami I*, this Court stayed this action on August 3, 2016.  (ECF No. 121.)  On May 1, 2017, the Supreme Court reversed the Eleventh Circuit's decision in *City of Miami I* and held that proximate cause under the FHA requires at the pleading stage "some direct

relation" between the alleged conduct and held that the general tendency is that the injury should not go "beyond the first step" in the causal chain. *City of Miami II*, 137 S. Ct. at 1306 (citations omitted). Plaintiff then filed the Second Amended Complaint on July 10, 2017 (ECF No. 136), HSBC moved to dismiss the Second Amended Complaint on August 7, 2017 (ECF No. 137), and in the Order, the Court granted in part and denied in part HSBC's motion on May 30, 2018. (ECF No. 175.) After the Supreme Court remanded *City of Miami* to the Eleventh Circuit, the Eleventh Circuit issued a ruling on May 3, 2019, *City of Miami III*, 923 F.3d at 1260, and Plaintiff filed the Motion on June 4, 2019. (ECF No. 238.)

## LEGAL STANDARD

Motions for reconsideration serve a very limited purpose: "correcting manifest errors of law or fact and presenting newly discovered evidence." *Gevas v. Wexford Health Sources, Inc.*, No. 12 C 1297, 2016 WL 7374222, at *2 (N.D. Ill. Dec. 20, 2016) (Lee, J.) (citing *Patrick v. City of Chi.*, 103 F. Supp. 3d 907, 911 (N.D. Ill. 2015) (same); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996); *see also United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) ("A district court may reconsider a prior decision when there has been a significant change in the law or facts."). They are not an appropriate "forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, F.3d at 1270. Motions to reconsider are "disfavored," and the moving party bears "a heavy burden." *Essex Ins. Co.*, 2018 WL 5631530, at *1-2 (Lee, J.) (citation omitted). They will be granted only where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th

Cir. 1990) (citation omitted). "Given these exacting standards, issues appropriate for reconsideration 'rarely arise and the motion to reconsider should be equally rare.'" *Essex Ins. Co.*, 2018 WL 5631530, at *2 (citation omitted).

## ARGUMENT

### I. An Out-of-Circuit Decision Cannot Establish That This Court Committed a Manifest Error of Law.

Plaintiff's Motion seeks reconsideration of a portion of the Court's Order based on the reasoning from the Eleventh Circuit in *City of Miami III*. However, "[a] 'manifest error' is not demonstrated by the disappointment of the losing party," but by the "wholesale disregard, misapplication, or failure to recognize *controlling* precedent." *Oto v. Met. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (emphasis added) (citation omitted). A ruling from another circuit is "nothing more than persuasive authority" and is not a basis for a motion for reconsideration because "motions for reconsideration are reserved for pointing out manifest errors of law." *Santos v. The Boeing Co.*, No. 02 C 9310, 2004 WL 2515873, at *5 (N.D. Ill. Nov. 5, 2004) (denying a motion to reconsider based on an Eighth Circuit case even where that case alleged similar facts to the case pending before the court).

Plaintiff concedes that it does not meet the applicable standard of review established by *controlling* precedent in the Seventh Circuit. *See* Mot. at 3, n.2. Plaintiff's attempt to distinguish Seventh Circuit precedent dealing with motions to reconsider final judgements under Rule 59 fails. As this Court repeatedly has held, the standard for motions to reconsider interlocutory orders under Federal Rule of Civil Procedure 54(b) is the same as the Seventh Circuit's standard for addressing motions under Rule 59. *See Essex Ins. Co.*, 2018 WL 5631530, at *1-2 (Lee, J.) (motions to reconsider "serve a very limited purpose: correcting manifest errors of law or fact and presenting newly discovered evidence"); *Gevas*, 2016 WL 7374222, at *2

4

(Lee, J.) (same); *Woodard v. Victory Records, Inc.*, No. 11 C 7594, 2016 WL 6476460, at *1 (N.D. Ill. Nov. 2, 2016) (Lee, J.) (same). Accordingly, there is no need for the Court to address the substance of the Eleventh Circuit's decision in *City of Miami III*, and Plaintiff's motion can and should be denied on the simple basis that there has been no change in controlling law that would establish this Court committed a manifest error of law.

## II. This Court Appropriately Applied a Narrowed Standard for Proximate Cause.

Although the Motion identifies no aspect of the Court's reasoning that purportedly was flawed, Plaintiff asks this Court to find that it manifestly erred in concluding that alleged property tax damages do not satisfy the test for proximate cause. Notably, this Court's Order allowed the County's claim for out-of-pocket costs related to foreclosures to go forward and the Eleventh Circuit's decision excludes such damages, though the County, not surprisingly, does not ask the Court to reconsider that aspect of the outcome.[1]

In *City of Miami II*, the Supreme Court rejected the Eleventh Circuit's ruling in *City of Miami I* that the standard for proximate cause was foreseeability:

> In the context of the FHA, foreseeability alone does not ensure the close connection that proximate cause requires. The housing market is interconnected with economic and social life. A violation of the FHA may, therefore, "be expected to cause ripples of harm to flow" far beyond the defendant's misconduct. Nothing in the statute suggests that Congress intended to provide a remedy wherever those ripples travel. And entertaining suits to recover damages for any foreseeable result of an FHA violation would risk "massive and complex damages litigation."

---

[1] HSBC does not concede that the County adequately alleged any of its damages were proximately caused by HSBC's alleged conduct. In deciding the Motion before the Court, the question is whether this Court committed a manifest error of law in the Order and HSBC addresses that question. While HSBC disagrees with the Court's decision to deny its motion to dismiss the Second Amended Complaint, it recognizes that the appropriate avenue for addressing the Court's ruling is at a later stage in this case as facts are developed through discovery at either summary judgment or trial or on appeal, rather than bringing a motion for reconsideration.

*Id.* at 1306 (internal citations omitted). Instead, the Supreme Court held that proximate cause under the FHA requires "some direct relation between the injury asserted and the injurious conduct alleged," stating that "[t]he general tendency in these cases . . . is not to go beyond the first step." *Id.* at 1311 (citations omitted).

Three justices concurred in "the Court's conclusions about proximate cause" and explained that, applying those legal principles to the facts alleged, the City of Miami had failed to plead proximate cause. *Id.* at 1311-12 (Thomas, J., concurring in part and dissenting in part). The concurring justices stated that "the majority opinion leaves little doubt that neither Miami nor any similarly situated plaintiff can satisfy the rigorous standard for proximate cause that the Court adopts and leaves to the Court of Appeals to apply." *Id.* They noted that litigating claims with such an "exceedingly attenuated" link between alleged violations and damages "would lead to disquieting consequences" by unreasonably expanding the circle of plaintiffs who could bring FHA suits. *Id.* Thus, the majority and the concurring opinions provided a clear directive that the lower courts must apply a narrower standard for proximate cause than the "foreseeability" standard that the Eleventh Circuit applied in *City of Miami I* and this Court originally applied in evaluating HSBC's motion to dismiss the First Amended Complaint. *Cty. of Cook*, 136 F. Supp. 3d at 965 (citing *City of Miami I*, 800 F.3d at 1278-83).

In the Order, this Court recognized that "the controlling case is the Supreme Court's recent decision in [*City of Miami II*]." *Cty. of Cook*, 314 F. Supp. 3d at 957. The Court acknowledged the Supreme Court's holding that proximate cause under the FHA "requires some direct relation between the injury asserted and the injurious conduct alleged" and the directive that the "general tendency in these cases, in regard to damages at least, is not to go beyond the first step." *Id.* at 958 (citing *City of Miami II*, 137 S. Ct. at 1306 (citation omitted)).

6

The Supreme Court directed the lower courts to a number of precedential guideposts for use in applying the standard, including *Lexmark Int'l Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1390 (2014), *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 10 (2010), and *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006). In the Order, this Court noted that, "[A]t the outset, it is helpful to examine the trio of cases cited in *City of Miami*" and proceeded to discuss those cases. *Cty. of Cook*, 314 F. Supp. 3d at 958-59, 961-65.[2] The Court concluded that, "[a]ssuming the truth of the County's allegations" regarding discriminatory servicing and foreclosure practices, "foreclosure-related costs" the County allegedly would not have otherwise incurred fell within the "first step" of injury at the pleading stage. *Id.* at 962. The Court held that claims for costs of social services to foreclosed homeowners, loss of property tax revenue from foreclosed properties, loss of property tax revenue from abandoned and vacant properties, diminution of property values of other homes, costs of demolishing foreclosed homes, and urban blight did not satisfy the proximate cause requirement and dismissed the claims. *Id.* at 962-65.

With respect to the dismissed claims, the Court held that the Second Amended Complaint did not allege facts "to establish [the losses were] sufficiently direct." *Id.* at 964. In considering the claims, this Court was guided by the general tendency not to go beyond the "first step," but it is important to note that the Court also considered whether such an expansion was warranted in this case and concluded that it was not. *See id.* at 963 ("The County has other viable claims of

---

[2] The Seventh Circuit has taken the same approach when analyzing proximate cause. In *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs.,* 873 F.3d 574 (7th Cir. 2017), the Seventh Circuit emphasized, as the Supreme Court did in *City of Miami II,* that the tendency in evaluating a claim under that standard "is not to go beyond the first step" in the causal chain. *Id.* at 576; 578 (citation omitted) (finding that despite offers to conduct a regression analysis to estimate alleged damages, misrepresentations to doctors were "several levels removed in the causal sequence" from injuries related to patient health and financial costs, making the "causal chain [] too long to satisfy the Supreme Court's requirements.").

injury, and HSBC will be subjected to significant discovery, as well as the risk of significant

financial loss and public disrepute.  Therefore, expanding proximate cause beyond the traditional

'first step' for this claim would only marginally, if at all, increase deterrence and would likely be

outweighed by the difficulties of establishing causation").  In short, this Court acknowledged the

requirement that there be "some direct relation" between the alleged conduct and alleged injury,

looked to the precedent relied on by the Supreme Court in *City of Miami II*, and applied the

appropriate standards to draw the line between alleged injuries within and outside the first step of

the causal chain alleged.  Given the Court's analysis in the Order, the County does not, and

cannot, show that this Court committed a manifest error of law. [3]

## III.     The Eleventh Circuit Decision is Irreconcilable with *City of Miami II*.

Not only does the Eleventh Circuit's decision fail to implicate a manifest error of law in

the Order, that decision is itself plainly wrong in three respects.  *First*, the Eleventh Circuit

concluded that the Supreme Court's requirement that there be "some direct relation" between

alleged misconduct and an alleged injury actually requires only "meaningful and logical

continuity."  *City of Miami III*, 923 F.3d at 1272.  To reach this formulation, the Eleventh Circuit

cited to the dictionary definitions of "some" and "relation"—but *not* "direct."  *Id.*  In essence, the

Eleventh Circuit determined that a "logical bond" between a violation and injury is all that is

required to satisfy proximate cause.  *Id.*  However, given that the Supreme Court specifically

---

[3] The Court's assessment is not an outlier.  *See Cty. of Cook, Ill. v. Wells Fargo & Co.*, 314 F. Supp. 3d 975, 988 (N.D. Ill. 2018) (Cook County's claims for alleged lost property tax revenue "are precisely the 'ripples' that *City of Miami* cautions 'flow far beyond the defendant's misconduct[,] ... risk[ing] massive and complex damages litigation.'"); *Cty. of Cook v. Bank of Am. Corp.*, No. 14 C 2280, 2018 WL 1561725, at *5 (N.D. Ill. Mar. 30, 2018) (citation and internal quotation marks omitted) (finding that multiple factors, including falling home prices, rising unemployment, and a freeze in the U.S. and global credit markets, contributed to the global financial crisis of 2008 and subsequent recession, all of which impacted the County's losses).

rejected the Eleventh Circuit's original "foreseeability" test, there is simply no way to reconcile the Eleventh Circuit's "meaningful and logical continuity" test with the Supreme Court's holding that there must be "some direct relation" between the alleged violation and injury.

*Second*, the Eleventh Circuit rejected the Supreme Court's admonition that "[t]he general tendency in these cases, in regard to damages at least, is not to go beyond the first step." *City of Miami II*, 137 S. Ct. at 1306 (citation omitted). While the Eleventh Circuit acknowledges that it must begin by considering "what falls within [the] 'first step' of the causal chain," its analysis is impaired by its insistence that "[a]n intervening step does not vitiate proximate cause," and that "step-counting is of limited value." *City of Miami III*, 923 F.3d at 1273, 1278 (citations omitted).

As this Court said, *Lexmark* establishes a "relatively unique" exception to the "general tendency" based on an injury that "would follow [beyond the first step] more or less automatically . . . without the need for any 'speculative . . . proceedings' or 'intricate, uncertain inquiries.'" *Cty. of Cook*, 314 F. Supp. 3d at 960 (internal quotations and citations omitted). This contrasts sharply, however, with the Eleventh Circuit's general conclusion that an intervening step does "not necessarily mean proximate cause has not been plausibly alleged." *City of Miami III*, 923 F.3d at 1273. While the Eleventh Circuit characterizes the chain of causation in *Lexmark* as "complex," it was, as this Court noted, the lack of complexity in the chain that justified the exception to the "first step" analysis in that case. *See Cty. of Cook*, 314 F. Supp. 3d at 960 ("the Court nevertheless found that the 'discontinuity' that typically existed between the injury to the direct victim and the injury to the indirect victim was absent, because 'Static Control's allegations suggest that if the remanufacturers sold 10,000 fewer refurbished cartridges because of Lexmark's false advertising, then it would follow more or less automatically that Static Control sold 10,000 fewer microchips for the same reason, without the need for any

9

speculative … proceedings or intricate, uncertain inquiries.'" (internal quotations and citation omitted)).

In this regard, the Eleventh Circuit ignored the Supreme Court's guidance that the proximate cause analysis under the FHA should be guided by its decisions in *Anza*, *Hemi*, and *Lexmark* and said that it was "unable to discern any further lessons from the common law that bear on our analysis." *City of Miami III*, 923 F.3d at 1293.

*Third*, the Eleventh Circuit incorrectly analyzed whether damages may not be "administratively infeasible." Much of the *City of Miami III* decision focuses on why the plaintiff's theory of causation related to tax revenue damages "is not administratively infeasible." *Id.* at 1281. However, nothing in *City of Miami II* suggests that a plaintiff can establish proximate cause by alleging the absence of administrative infeasibility. Administrative feasibility is a reason to apply directness principals, not a driver of the proximate cause analysis. *See Holmes v. Secs. Inv'r Prot. Corp.*, 503 U.S. 258, 269 (1992) (identifying reasons that the "directness of relationship" is a "central element[]" of proximate cause). Unlike this Court, which appropriately reviewed "what is administratively possible and convenient" in order to "*confirm*[] [its] conclusion" that foreclosure-related out-of-pocket costs were directly related to the alleged violations, *Cty. of Cook*, 314 F. Supp. 3d at 962 (emphasis added), the Eleventh Circuit concluded that proximate cause was plausibly pled "*because* we find it entirely practicable and not unduly inconvenient for the courts to handle damages like the City's tax revenue injury." *City of Miami III*, 923 F.3d at 1281 (emphasis added).[4]

---

[4] The Eleventh Circuit found it plausible that because Miami alleged "in some detail" that it could use Hedonic analysis to isolate lost property value from a given foreclosure, it had plausibly pled proximate cause. *City of Miami III*, 923 F.3d at 1283. As this Court has acknowledged, there are "other external factors" that could impact the County's property tax revenue other than diminished property value. *Cty. of Cook*, 314 F. Supp. 3d at 964.

IV. **The County Has Not Pled the Allegations That the Eleventh Circuit Concluded Were Sufficient to Plead Proximate Cause for Lost Tax Revenue.**

Even under the Eleventh Circuit's reasoning, the Second Amended Complaint does not allege facts regarding a loss in tax revenue that would meet such a proximate cause standard. The City of Miami's complaint alleged that its statistical analysis could "isolat[e] the factors that contribute to the value of a property by studying thousands of housing transactions. Those factors include the size of a home, the number of bedrooms and bathrooms, whether the neighborhood is safe, whether neighboring properties are well-maintained, and more." *City of Miami III*, 923 F.3d at 1283. Specifically, the Eleventh Circuit noted, "the City explains in *considerable detail* how hedonic regression analysis will help pinpoint the attributable loss" when "pleading the tax-revenue injury." *Id.* at 1286 (emphasis added).

The Motion inaccurately asserts the County has made similar allegations in the Second Amended Complaint. Mot. at 10 ("The County made similar allegations in its SAC. *See* SAC ¶¶ 335-36.") In fact, the paragraphs cited merely make the conclusory allegation that "well-established statistical regression techniques" will "allow [the] precise calculation of the diminution in Plaintiff's tax digest." Second Am. Compl. ¶¶ 335-36, ECF No. 136; *see also id.*, ¶ 349 (offering the conclusory allegation that the County's damages "can be established with statistical evidence"). Moreover, as Plaintiff should know at this point in discovery, property values are used to apportion the tax burden in Cook County rather than determine revenue.[5]

---

[5] *See* Cook County Assessor's Office, *Calculating an Estimated Residential Property Tax Bill,* https://www.cookcountyassessor.com/Resources/Residential-Tax-Bill.aspx (last visited June 27, 2019) ("Property taxes in Cook County: *Budget, then tax* not *tax, then spend*").

11

Accordingly, even if this Court were to apply the Eleventh Circuit's reasoning, the Motion should be denied.[6]

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion for Reconsideration be denied.

---

[6] Insofar as the Court reconsiders the Order on the basis of the Eleventh Circuit's decision, it should review whether the Eleventh Circuit's conclusion that the City of Miami did not adequately allege proximate cause with respect to municipal cost damages warrants revisiting of the Order's holding that the County may pursue out-of-pocket foreclosure costs here. While the Eleventh Circuit attempts to distinguish the municipal cost damages pled in that case, the two cases have similar allegations. For example, as here, the City of Miami claimed that the "City Attorney's Office has devoted, and will continue to devote personnel time and out-of-pocket resources to perform a number of tasks that arise . . . because of their foreclosure." First Amended Complaint for Violations of the Federal Fair Housing Act at 35, *City of Miami v. Bank of Am.*, No. 13-cv-24506 (S.D. Fla. July 21, 2014). Still, the Eleventh Circuit held that the plaintiff failed to plead "'some direct relation' between the Banks' conduct and a claimed increase in expenditures on municipal services" because such expenditures are nothing more than "merely foreseeable consequences of redlining and reverse-redlining." *City of Miami III*, 923 F.3d 1260 at 1264.

Dated:  July 3, 2019                    Signed By:

                                        */s/ Valerie L. Hletko*
                                        Valerie L. Hletko (Ill. Bar No. 6323429)
                                        John B. Williams III (*pro hac vice*)
                                        Brian Bartholomay (*pro hac vice*)
                                        Meredith Leeson (*pro hac vice*)
                                        BUCKLEY LLP
                                        2001 M St. NW, Suite 500
                                        Washington, D.C.  20036
                                        (202) 349-8000 (Telephone)
                                        (202) 349-8080 (Facsimile)
                                        vhletko@buckleyfirm.com
                                        jwilliams@buckleyfirm.com
                                        bbartholomay@buckleyfirm.com
                                        mleeson@buckleyfirm.com

                                        Scott T. Sakiyama (Ill. Bar No. 6302903)
                                        BUCKLEY LLP
                                        353 N. Clark St., Suite 3600
                                        Chicago, IL  60654
                                        (312) 924-9800 (Telephone)
                                        (312) 924-9899 (Facsimile)
                                        ssakiyama@buckleyfirm.com

                                        *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 3, 2019, I caused a true and correct copy of the foregoing to be served upon counsel of record by electronic filing for ECF users.

*/s/ Valerie L. Hletko* _____
Valerie L. Hletko